# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Wholesale Grocery Products<br>Antitrust Litigation<br><br>This Order Relates to:<br><br>Charles W. Prather Company, Inc. d/b/a<br>Prathers IGA v. C&S Wholesale Grocers, Inc.,<br>et al. | **MEMORANDUM OPINION<br>AND ORDER**<br>Court File No. 09-MD-2090 ADM/AJB<br>Civ. File No. 09-2932 ADM/AJB |

Elizabeth R. Odette, Esq., W. Joseph Bruckner, Esq., Lockridge, Grindal, Nauen, PLLP, Minneapolis, MN; and Richard L. Creighton, Jr., Esq., William A. Posey, Esq., W. Jeffrey Sefton, Esq., Keating, Muething & Klekamp PLL, Cincinnati, OH, on behalf of Plaintiffs.

Stephen P. Safranski, Esq., Martin R. Lueck, Esq., K. Craig Wildfang, Esq., Marta M. Chou, Esq., E. Casey Beckett, Esq., Robins, Kaplan, Miller & Ciresi, LLP, Minneapolis, MN, on behalf of Defendant SuperValu, Inc.

Todd A. Wind, Esq., Nicole M. Moen, Esq., Fredrikson & Byron, PA, Minneapolis, MN; and Christopher J. MacAvoy, Esq., Thomas A. Isaacson, Esq., Charles A. Loughlin, Esq., David S. Shotlander, Esq., Howrey LLP, Washington, D.C., on behalf of Defendant C&S Wholesale Grocers, Inc.

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Plaintiff Charles W. Prather Company, Inc. d/b/a Prathers IGA's ("Prather") Motion for Dismissal Without Prejudice [Docket No. 75] (the "Motion") pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Defendants C&S Wholesale Grocers, Inc. and SuperValu, Inc. (collectively, "Defendants") oppose the Motion. For the reasons stated herein, the Motion is granted in part and denied in part, and Prather's claims are dismissed with prejudice.

## II. BACKGROUND

This matter concerns multidistrict litigation of four antitrust lawsuits brought by retail grocers against two of the largest wholesale grocers in the United States. Consol. Am. Class Action Compl. [Docket No. 18] ¶¶ 1-11. Prather is one of the retail grocery store plaintiffs. Id. ¶ 6. At the center of the dispute is a September 6, 2003 Asset Exchange Agreement (the "AEA") between Defendants. See id. ¶ 34. Although the AEA was signed in 2003, the earliest lawsuit in this consolidated litigation was not filed until December 31, 2008.

Consequently, Defendants filed a Motion to Dismiss [Docket No. 24], arguing that the applicable four-year statute of limitations period accrued on the day of the signing of the AEA and therefore had expired on September 6, 2007. By Order [Docket No. 65] dated July 7, 2010, the Court ruled that the continuing violation doctrine applied and, as a result, Plaintiffs may recover for antitrust violations occurring after December 31, 2004, the date four years prior to the filing of the first lawsuit in this matter. Order at 10-15.

Subsequently, Prather determined that it had not made any purchases from Defendants after December 31, 2004. Therefore, Prather concedes that its claims are time-barred, and it seeks dismissal of its claims. Prather moves for dismissal *without* prejudice, arguing that fairness dictates that its ability to rejoin the litigation should be preserved. Defendants agree that Prather's claims should be dismissed, but argue that the dismissal should come with prejudice.

## III. DISCUSSION

After the pleadings stage, a plaintiff generally may seek voluntary dismissal only by court order. Fed. R. Civ. P. 41(a)(2). A decision to allow voluntary dismissal "rests upon the sound discretion of the court." Hamm v. Rhone-Poulenc Rorer Pharms., Inc., 187 F.3d 941, 950

(8th Cir. 1999). "In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." Id. (citations omitted). Furthermore, "a party is not permitted to dismiss merely to escape an adverse decision . . . ." Id.

Generally, voluntary dismissals are without prejudice. Fed. R. Civ. P. 41(a)(2). However, the Court grants dismissals on "terms that [it] considers proper," and may dismiss a claim with prejudice if specified in the order. Id. Where a plaintiff's claims are clearly time-barred, it is improperly prejudicial to defendants to allow dismissal without prejudice. See Metropolitan Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co., 999 F.2d 1257, 1263 (8th Cir. 1993) ("We would consider it an abuse of discretion for a district court to find no legal prejudice, and thus to grant voluntary dismissal, where the nonmoving party has demonstrated a valid statute of limitations defense to the claims sought to be dismissed.").

Prather and Defendants agree that Prather's claims should be dismissed. Indeed, Prather has offered a proper explanation for seeking dismissal–timeliness–and dismissing Prather's claims would certainly save future judicial time and effort. However, the parties disagree whether fairness dictates that the dismissal should come with or without prejudice. Prather concedes that its claims are time-barred. Under existing Eight Circuit law, therefore, dismissing Prather without prejudice is clearly unfair to Defendants and inappropriate. Thus, the Court will exercise its discretion and dismiss Prather's claims on the terms it deems proper–with prejudice.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Prather's Motion for Dismissal Without Prejudice [Docket No. 75] is **GRANTED IN PART** and **DENIED IN PART,** and all claims asserted by Prather are **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 19, 2010.