# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: WHOLESALE GROCERY PRODUCTS ANTITRUST LITIGATION | CIVIL ACTION NO. 09-md-02090 (ADM/AJB) |
| This Document Relates to: | |
| All Actions | **STIPULATED AMENDED PROTECTIVE ORDER** |

In order to protect confidential business, financial, commercial and trade secret information consistent with the public's right of access to the Court's records and processes, the parties hereby stipulate to the following Amended Protective Order pursuant to Fed. R. Civ. P. 26(c)(1):

### A.   **Information Governed**

1.     This Protective Order shall govern any document, information, or other thing produced by any party, including non-parties ("Producing Party") to any other parties in the course of discovery in this action ("Discovery Materials").  The Discovery Materials protected include, but are not limited to, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations, and portions thereof.

2.      "Confidential Information" shall include any Discovery Material that the Producing Party or non-party in good faith believes contains trade secrets or nonpublic technical, commercial, financial, personal, or business information.

3.      "Highly Confidential Information" shall include any Confidential Information that the Producing Party or non-party reasonably believes to be so competitively sensitive that it is entitled to extraordinary protections.

**B.      <u>Designation of Discovery Materials as Confidential or Highly Confidential</u>**

4.      Any information produced or disclosed in this action (in pretrial discovery, as a deposition transcript or exhibit, in a pleading, or otherwise) deemed by the Producing Party to contain or constitute "Confidential Information" or "Highly Confidential Information" shall be designated as such by the Producing Party (a) in writing by typing, stamping, or affixing conspicuously on its face (in such a manner as will not interfere with the legibility thereof) the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of production or service thereof, or (b) orally on the record at a deposition or conference at the time of disclosure thereof.  Any non-party producing information in this action may so designate such materials pursuant to the terms of this Protective Order.

a.      Confidential Information, designated as such in accordance with this Protective Order, shall be disclosed or made available only to persons specified in Paragraph 11 herein.   All copies of Discovery Material properly designated as "CONFIDENTIAL," and all extracts, abstracts, charts, summaries, and notes made from

Discovery Material properly designated as "CONFIDENTIAL," shall be treated as Confidential Information.

b. Highly Confidential Information, designated as such in accordance with this Order, shall be disclosed or made available only to persons specified in Paragraph 12 herein. All copies of Discovery Material properly designated as "HIGHLY CONFIDENTIAL," and all extracts, abstracts, charts, summaries, and notes made from Discovery Material properly designated as "HIGHLY CONFIDENTIAL," shall be treated as Highly Confidential Information.

5. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of Confidential Information or Highly Confidential Information under this Protective Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if those words do not already appear.

6. In the event that information is provided under this Protective Order, whether in written or oral form, without any designation of confidentiality, or if a party or non-party wishes to modify the designation of information it has produced, such information may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at a later time, and shall then be treated as Confidential Information or Highly Confidential Information by all parties hereto as though such information had been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" when originally provided.

7. If a party or non-party decides to add a designation to any document previously produced without designation, or to modify the designation on any document

previously produced, the Producing Party or non-party shall produce to the other parties substitute copies of such documents bearing the desired designation. The parties to whom the substitute copies of such documents are produced shall substitute the later produced documents for the previously produced documents, and destroy or return to the producing party the previously produced documents and all copies thereof. Parties shall also make reasonable efforts to retrieve the previously-produced documents from any persons not entitled to receive documents with the corrected designation.

8.      No party shall be obligated to challenge the propriety of the designation of Confidential Information or Highly Confidential Information upon its production in this case, and a failure to do so shall not preclude any subsequent objection to such designation or motion for leave to disclose such material or the information contained therein to persons not referred to in this Protective Order, or from otherwise modifying the provisions of this Protective Order.

9.      Absent a stipulation of all parties, the fact that information has been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Protective Order shall not be admissible during the trial of this action, nor shall the jury be advised of such designation. The fact that any information is disclosed, used, or produced in discovery or trial herein shall not be construed admissible, or offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether or not such information is Confidential, Highly Confidential, or proprietary.

C.      **Disclosure of Confidential Information or Highly Confidential Information**

10.     Confidential Information and Highly Confidential Information under this Protective Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in Paragraphs 11 and 12 for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

11.     Disclosure of Confidential Information and any analysis or report containing Confidential Information (to the extent the Confidential Information contained in the analysis or report is not redacted from such analysis or report) shall be limited to the following:

a.     Any independent experts or consultants who are not employed by the Receiving Party (and personnel acting under their direct or indirect supervision), retained for purposes of this action, and whose advice and consultations are being used or will be used by the Receiving Party in connection with this action; provided, however, that the independent expert or consultant agrees to be bound by the terms of this Protective Order by signing Exhibit A hereto.  In addition, if the expert or consultant is (1) a current or former employee, agent, or consultant of the Producing Party, or (2) is known to be an employee, agent, or consultant of any competitor of the Producing Party, then the Receiving Party must notify the Producing Party at least 10 days prior to disclosure.  Such notice shall provide a reasonable description of the independent expert or consultant to whom disclosure is sought sufficient to permit objection to be made.  If the Producing Party objects in writing to such disclosure within 10 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior

approval of the Court or the objecting party.

   b. The parties' outside counsel and personnel of outside counsel in this action.

   c. Personnel of the Court and all appellate courts for the Action, court reporters and/or videographers and necessary support personnel of such court reporters and/or videographers retained in connection with any hearing or trial of this action or in connection with any depositions taken by any party in this litigation to the extent necessary to transcribe and/or record the deposition testimony and identify exhibits marked in the course of the deposition, and any person as may be appointed by the Court or agreed to by the parties to conduct alternative dispute resolution in this action;

   d. Jury consultants, mock jurors, focus group members, or research group participants selected by jury consultants or by counsel for the parties in preparation for trial, provided that such persons agree to be bound by the terms of this Protective Order and do not retain any Confidential Information or Highly Confidential Information;

   e. Independent litigation support vendors, including legal interpreters, document reproduction services, computer imaging services, and demonstrative exhibit services, provided that such persons agree to be bound by the terms of this Protective Order and do not retain any Confidential Information or Highly Confidential Information;

   f. Persons who are the author or a recipient of the Confidential Information, or are otherwise shown to have authored or received the Confidential Information;

g.      Any deponent who (1) is designated in the document or material itself as an author or recipient thereof, or is otherwise shown to have authored or received the designated document or material, or (2) is a current or former employee of the Producing Party and, if a former employee, the material to be shown to the deponent was created during the time of the deponent's employment. Such deponents shall not retain any Confidential Information without the consent of the Producing Party;

h.      Up to three (3) members of each party's respective in-house legal staff, along with their respective in-house paralegal(s) and clerical support, who are assisting in the prosecution or defense of this action; provided, however, that each in-house attorney so designated has signed a Written Assurance to be bound by the terms of this Protective Order in the form of Exhibit A hereto;

i.      Officers or directors of a party to the extent that outside counsel determines in good faith that such disclosure is necessary to the prosecution or defense of this action, provided, however, that each person has signed a Written Assurance to be bound by the terms of this Order in the form of Exhibit A hereto; and

j.      Such other persons as may be designated by written agreement of the parties in this action or by order of the Court.

12.    Disclosure of Highly Confidential Information and any analysis or report containing Highly Confidential Information (to the extent the Highly Confidential Information contained in the analysis or report is not redacted from such analysis or report) shall be limited only to those individuals identified in paragraphs 11(a)-(h) above, as well as such other persons as may be designated by written agreement of the parties in

this action or by order of the Court.  All procedures and use limitations set forth in paragraphs 11(a)-(h) above will be equally applicable to Highly Confidential Information.

13.    If a party or non-party wishes to make a disclosure that may not be authorized under paragraphs 10-12 above, the party or non-party must notify the Producing Party at least 10 days prior to disclosure.  Such notice shall provide a reasonable description of the disclosure sought sufficient to permit objection to be made. If the Producing Party objects in writing to such disclosure within 10 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

### D.    Challenges to Confidential or Highly Confidential Designations

14.    Any party to this action may contest at any time the designation of anything as Confidential or Highly Confidential by giving the designating party written notice that identifies the relevant designated information and states in reasonable detail the reasons why the information should not be so designated.  Any parties in disagreement about such designations shall meet and confer in good faith in person or by telephone to attempt to resolve their disagreement.  If those parties cannot resolve their disagreement within seven (7) business days after a party contests the designation, any party may thereafter petition the court to resolve the matter.  If such an objection or petition is made, such information shall be treated according to the designation that the designating party gives it until the issue is resolved in writing by the parties or the petition is decided by the Court or an appellate court, should appellate review be sought.  The party asserting that

the material is Confidential or Highly Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Federal Rule of Civil Procedure 26(c).

15.     Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not: (a) operate as an admission by any party that any particular document, material, or information contains or reflects currently valuable trade secrets or proprietary or commercial information; or (b) prejudice in any way the right of a party at any time: (i) to seek a determination by the Court of whether any particular document, material, or information should be subject to the terms of this Protective Order; (ii) to seek relief from any provision(s) of this Protective Order, either generally or as to any particular document, material, or information; (iii) to object to any discovery request, including the right to assert that no discovery should be had of certain documents, material, or information; (iv) to seek a higher level of protection than provided for by this Protective Order if the party believes that unique circumstances warrant that higher level of protection; or (v) to seek documents, materials, or other information from any source.

16.     The parties shall confer and attempt to agree before any trial or other hearing on the procedures under which Confidential Information or Highly Confidential Information may be introduced into evidence or otherwise used at such trial or hearing. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non-party producing any Confidential Information or Highly Confidential Information which may be used or introduced at such trial or hearing. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential

Information or Highly Confidential Information at trial or hearing upon reasonable notice to all parties and non-parties who have produced such information.

###### E.    **Deposition Procedures**

17.    No person shall attend portions of depositions during which information designated as Confidential Information or Highly Confidential Information is disclosed unless such person is an authorized recipient of such information under this Protective Order.   At any deposition session, when counsel for a party or the deponent deems that the answer to a question will result in the disclosure of Confidential Information or Highly Confidential Information, counsel shall have the option, in lieu of taking other steps available under the Federal Rules of Civil Procedure, to request that all persons other than the court reporter, counsel, and individuals specified in Paragraphs 11 and 12 above who have access to the appropriate category of information, leave the deposition room during the Confidential or Highly Confidential portion of the deposition. The failure of such other persons to comply with such requests shall constitute substantial justification for counsel to advise the witness that he or she need not answer the pending question and the deposition shall continue as to non-confidential matters only or may be adjourned, at the option of the examining party.   Each party reserves its right to demand the suspension of the taking of the deposition under Fed. R. Civ. P. 30(d).

18.    Designation of a deposition or portion of a deposition as containing Confidential Information or Highly Confidential Information shall be made (a) orally on the record at the deposition; or (b) by notifying all other parties in writing within thirty

(30) days of receiving the transcript, or portions thereof, that contain Confidential Information or Highly Confidential Information.

19.     Until thirty (30) days after receiving a deposition transcript, each party shall treat the entirety of each deposition transcript and all information disclosed therein as Highly Confidential Information.  After the thirty (30) day period, however, deposition transcripts, and,  all information disclosed therein shall be treated in accordance with how they are actually designated.

### F.     Filing Under Seal

20.     To the extent that any documents (including *e.g.*, answers to interrogatories, transcripts of depositions, responses to requests for admissions) filed or to be filed with the Court reveal or tend to reveal information claimed to be Confidential Information or Highly Confidential Information, these documents, or any portion thereof, must be filed under seal by the filing party with the Clerk of the Court.  Filing under seal shall be done in compliance with the Civil Electronic Case Filing Procedures for the District of Minnesota ("Electronic Case Filing Procedures").  Specifically, documents revealing or tending to reveal information claimed to be Confidential Information or Highly Confidential Information should be filed pursuant to sections III(D) and VIII(D) in addition to other requirements contained in the Electronic Case Filing Procedures.  Prior to disclosure at trial or a hearing of documents revealing or tending to reveal information claimed to be Confidential Information or Highly Confidential Information, the parties may seek further protections against public disclosure from the Court.

21.     If any party objects to identified portions of the materials remaining under seal, it shall, within ten (10) business days of submission of the materials, state its objections in an e-mailed and faxed letter to counsel for all parties in this action.   The interested parties shall promptly meet and confer in an attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution.   A revised public electronic filing, if any, of that submission shall be made by the submitting party within ten (10) business days after the Court's decision resolving that dispute.

### G.     Procedures Upon Termination of Action

22.     Within sixty (60) days of the conclusion of the litigation (*i.e.*, after the running of any applicable time to appeal the final judgment entered in this litigation), all material not received in evidence and treated as Confidential or Highly Confidential under this Protective Order must be returned to the originating party or destroyed after a diligent search.   If the possessing party elects to destroy the Confidential Information or Highly Confidential Information rather than return it, the possessing party shall provide the Producing Party written certification that it has conducted a diligent search to locate the originals and all copies of such Confidential Information or Highly Confidential Information and has destroyed all such documents located.   With respect to electronic back-up tapes made of the parties' or parties' agents' computer systems, destruction of any Confidential Information or Highly Confidential Information on such back-up tapes shall mean that such Confidential Information or Highly Confidential Information on the tapes shall remain offline and a "no restoration" restriction shall be imposed on such

Confidential Information or Highly Confidential Information (except to the extent that restoration of an entire back-up tape is necessary for recovery of other back-up information) until such time as the Confidential Information or Highly Confidential Information on the back-up tape can be completely destroyed.

23.     In no event shall a party retain a copy of the Confidential Information or Highly Confidential Information produced to it, except that outside litigation counsel may keep pleadings and exhibits submitted to the Court containing Confidential Information or Highly Confidential Information for archival purposes. The Clerk of the Court may return or destroy any sealed information provided during the course of the litigation at its termination.

24.     Nothing in this Protective Order requires the return or destruction of attorney work product or attorney-client communications of any party which is maintained and stored by counsel in the regular course of business.

**I.      Efforts by Non-Parties to Obtain Confidential Information or Highly Confidential Information**

25.     In the event that any person or party subject to this Protective Order having possession, custody, control, of any Confidential Information or Highly Confidential Information of any other party receives from a non-party a request subpoena, order, or other compulsory process commanding the production of such Confidential Information or Highly Confidential Information, the person or party receiving the request or order shall promptly (a) make a timely objection to the production of the Confidential Information or Highly Confidential Information on the grounds that production is

precluded by this Protective Order; (b) notify the Producing Party or non-party of the existence and general substance, including the dates set for the production, of each such request, subpoena, or order; (c) furnish each Producing Party or non-party with a copy of the document(s) it received that memorialized the request, subpoena, or order; and, (d) not interfere with any designating party's response or objection to any such request, subpoena, or request.  The party receiving the subpoena, process, or order shall be entitled to comply with it except to the extent the Producing Party asserting the confidential treatment is successful in obtaining an order modifying or quashing the subpoena, process, or order.

26.    The parties will not object to the Producing Party or non-party having a reasonable opportunity to appear in the litigation or process commanding disclosure of such Confidential Information or Highly Confidential Information for the sole purpose of seeking to prevent or restrict disclosure thereof.

### J.    **Inadvertent Disclosures of Confidential and Highly Confidential Information**

27.    If a producing party inadvertently discloses information without designating such information as Confidential or Highly Confidential, that disclosure shall not be deemed a waiver of confidentiality with regard to that information, or similar or related information.  The Producing Party or non-party may thereafter designate such information as Confidential or Highly Confidential, as appropriate.

**K.**  **Attorney-Client Privilege and Attorney Work Product Immunity**

28.    Nothing in this Protective Order shall be deemed to waive any applicable privilege or immunity, or to limit the relief available to a party claiming that it inadvertently disclosed information subject to any privilege or immunity.  Nothing in this Protective Order shall require disclosure of information that is protected by the attorney-client privilege, work product immunity, or other privilege.

29.    If the Producing Party at any time notifies the Receiving Party in writing that it has inadvertently produced documents or things that are protected from disclosure under the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity from disclosure, the Receiving Party shall return all copies of such documents and/or things to the Producing Party within five (5) business days of receipt of such notice and shall not further disclose or use such items, or information learned exclusively therefrom, for any purpose until further order of the Court.  Upon being notified by the Producing Party pursuant to this Section, counsel for the Receiving Party shall use his or her best efforts to retrieve and return all copies of the documents or things at issue.

30.    The return of any discovery item to the Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that:  (a) the document or thing was never privileged or otherwise immune from disclosure; and/or (b) that any applicable privilege or immunity has been waived.

31.    Pursuant to Federal Rule of Evidence 502(d), the inadvertent or unintentional disclosure of information subject to any privilege or immunity during the

course of this litigation without proper designation shall not be deemed a waiver of any privilege or immunity in this action or any other state or federal proceeding if the Producing Party requests the return of the inadvertently-produced materials within ten (10) days after the Producing Party actually learns of the inadvertent or unintentional disclosure.

### L.    **Miscellaneous**

32.    The parties shall serve a copy of this Protective Order simultaneously with any discovery request made to a non-party in this action.

33.    This Protective Order shall not affect the right of any party or non-party to oppose production of documents, material, or information on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege.   Moreover, the Protective Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

34.    Nothing in this Protective Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modification of this Protective Order upon due notice to all other parties and affected non-parties.

35.    Nothing in this Protective Order shall limit or restrict a party's rights, if any, to use its own Discovery Material or any information obtained independent of discovery in this action in any manner that the party deems appropriate.

36.     Changes to this Protective Order may be made only by written agreement of the parties subject to Court approval or by Court order.  Exceptions to this Protective Order may be made only by written agreement of the affected parties or by Court order.

37.     The Court retains jurisdiction even after final disposition of this litigation to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem appropriate.  The parties hereto reserve all rights to apply to the Court at any time, before or after final disposition, for an order: (a) modifying this Protective Order; (b) seeking further protection against discovery or other use of Confidential Information, or documents, transcripts, or other materials reflecting Confidential Information; or (c) seeking further production, discovery, disclosure, or use of claimed Confidential Information, or documents, transcripts or other materials reflecting Confidential Information.

38.     A non-party may designate material believed to be particularly competitively sensitive as "Outside Counsel Only Information."  The confidentiality requirements for a non-party to deem material "Outside Counsel Only Information" shall be no greater than for a party to deem material "Highly Confidential Information" pursuant to Paragraph 3 hereof.

39.     Any information produced or disclosed in this action by a non-party that such non-party deems to contain or constitute Outside Counsel Only Information may be designated as such by the non-party (a) in writing by typing, stamping or affixing conspicuously on the face of such document (in such a manner as will not interfere with

the legibility thereof) the words "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" at the time of production or service thereof, or (b) orally on the record at a deposition or conference at the time of disclosure thereof.

40.     Outside Counsel Only Information, designated as such in accordance with this Protective Order, shall be treated as Highly Confidential Information except that Outside Counsel Only Information shall not be disclosed to any individual identified in Paragraph 11(h), and no individual identified in Paragraph 11(h) shall be present at any portion of any deposition in which Outside Counsel Only Information is used, disclosed or discussed.

41.     If Outside Counsel Only Information is used, disclosed or discussed during a deposition, the examining party shall provide a copy of the relevant portion of the transcript of such deposition to the non-party that produced such Outside Counsel Only Information within five (5) business days of receiving such transcript.  The non-party may designate the deposition or a portion of the deposition transcript as containing Outside Counsel Only Information by notifying the Parties in writing within twenty-five (25) days of receiving the transcript.

42.     Until thirty (30) days after receiving a transcript in which Outside Counsel Only Information was used, disclosed or discussed, each party shall treat the entirety of such deposition transcript and all information disclosed therein as Outside Counsel Only Information.  After the thirty (30) day period, however, deposition transcripts, and, all information disclosed therein shall be treated in accordance with how they are actually designated.

SO ORDERED.


Dated:  July 22, 2011                                    s/Ann D. Montgomery
                                                         _____
                                                         Honorable Ann D. Montgomery
                                                         UNITED STATES DISTRICT JUDGE

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MINNESOTA

IN RE: WHOLESALE GROCERY
PRODUCTS ANTITRUST
LITIGATION

This Document Relates to:

All Actions

CIVIL ACTION
NO. 09-md-02090 (ADM/AJB)


**WRITTEN ASSURANCE**

I, _____, hereby state the following:

1.      My address is _____.

2.      My current employer is _____, and the address of my current employer is _____.

3.      My current job or occupation is: _____.

4.      I have carefully read and believe I understand the terms of the attached Stipulated Amended Protective Order (the "Order") dated _____, 2011, which has been entered by the United States District Court for the District of Minnesota in an action captioned *In re: Wholesale Grocery Products Antitrust Litigation*, Civil Action No. 09-md-02090.  The initially capitalized terms in this Written Assurance shall have the meanings supplied in the Order.

5.      Pursuant to that Order, I may be given access to Confidential Information or, if qualified under the Order, Highly Confidential or Outside Counsel Only Information, in the above-referenced action.  As a condition of access to that

Confidential, Highly Confidential or Outside Counsel Only Information, and in consideration of that access:  (a) I agree that I shall be bound by and comply with all terms of the Order, including those limiting disclosure and use of Confidential, Highly Confidential or Outside Counsel Only Information, (b) I agree that I shall use any Confidential, Highly Confidential or Outside Counsel Only Information that is disclosed to me only for purposes of this action, (c) I agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the Protective Order, and (d) I agree to retain all copies of such information in my personal custody and that I shall return, upon request, all such material that comes into my possession to counsel who provided me with such material.

6.      I submit to the jurisdiction of the United States District Court for the District of Minnesota for the enforcement of the Protective Order or otherwise providing relief relating to the Protective Order.

7.      I have executed this Written Assurance on _____, whereupon it becomes binding in accordance with its terms.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____          By: _____