UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: WHOLESALE GROCERY PRODUCTS ANTITRUST LITIGATION, | Civil Action No. 09-md-02090 ADM/AJB |
| THIS DOCUMENT RELATES TO: | |
| ALL ACTIONS | |

**ARBITRATION PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION REQUESTING CERTIFICATION
OF FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)**

The Arbitration Plaintiffs[1] move this Court to enter final judgment on its July 5, 2011 Order (ECF No. 141) (the "Order") so that the Arbitration Plaintiffs may appeal the Order.[2] The Court's Order adjudicates all claims by the Arbitration Plaintiffs against both Defendants, but it leaves unadjudicated other claims by other parties in this case, and therefore it is not immediately appealable absent entry of final judgment. Therefore, the Arbitration Plaintiffs respectfully request that the Court expressly determine that there is no just reason for delay and enter final judgment under Fed. R. Civ. P. 54(b) of its July 5 Order, so that the Arbitration Plaintiffs may proceed with an appeal for the reasons set forth below.

---

[1] The Arbitration Plaintiffs are JFM Market, Inc. and MFJ Market, Inc. (collectively "Village Markets"), King Cole Foods, Inc. ("King Cole"), Millennium Operations, Inc. ("Millennium"), and Blue Goose Super Market ("Blue Goose").

[2] On July 29, 2011, Plaintiffs asked Defendants whether they would oppose this motion for certification of final judgment pursuant to Fed. R. Civ. P. 54(b). Defendants jointly responded August 1, 2011 that they would need more time to consider the issue. Plaintiffs see no reason for further delay and file the motion accordingly.

444242.5

## BACKGROUND

This antitrust class-action litigation is brought by retail grocer Plaintiffs (including the Arbitration Plaintiffs) against the two largest full-line grocery wholesalers in the United States, Defendants SuperValu Inc. and C&S Wholesale Grocers, Inc. Plaintiffs allege that Defendants violated the Sherman Act when they entered into a conspiracy, agreement and understanding to allocate customers and territories in the Midwest and New England, resulting in Plaintiffs and retail grocers being charged supra-competitive prices for their purchases of Defendants' wholesale grocery products and services in the Midwest and New England. *See* 2d Consolidated Am. Class Action Compl. (ECF No. 99) ¶¶ 1-3, ¶¶ 34-44. On February 9, 2011, Plaintiffs King Cole, Millennium, and Village Markets were added as additional named class representatives. *Id.* ¶¶ 8-10. Because the Arbitration Plaintiffs had signed individual arbitration agreements with one or the other of the two Defendants, the Second Consolidated Amended Class Action Complaint created two regional subclasses to represent their claims. *Id.*

On March 15, 2011, Defendants moved to dismiss the Arbitration Plaintiffs' claims under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, and Fed. R. Civ. P. 12. Def. Mem. in Support of Mot. to Dismiss or Stay Under the FAA (ECF No. 128). On July 5, 2011, the Court dismissed without prejudice all claims asserted by the Arbitration Plaintiffs against both Defendants. ECF No. 141 at 11. On July 8, 2011, the Arbitration Plaintiffs requested this Court's permission under Local Rule 7.1(h) to move the Court to reconsider its Order, which the Court denied on July 21, 2011. ECF No. 154.

The Court's July 5 Order adjudicates all claims by the Arbitration Plaintiffs against both Defendants. But since it does not adjudicate all the claims and all the rights

444242.5
2

and liabilities of all the parties in this case, it is not immediately appealable. *See* Fed. R. Civ. P. 54(b). In order for the Arbitration Plaintiffs to appeal, the Court must expressly find that there is no just reason for delay and enter final judgment on its July 5 Order under Fed. R. Civ. P. 54(b).

## ARGUMENT

### The Court Should Enter Final Judgment on Its July 5, 2011Order Pursuant to Fed. R. Civ. P. 54(b)

Appeals courts have jurisdiction only over "final decisions of district courts." *See* 28 U.S.C. § 1291 (2010); *see also Huggins v. FedEx Ground Package Sys., Inc.*, 566 F.3d 771, 773 (8th Cir. 2009). The Federal Rules of Civil Procedure allow a court to enter final judgment upon fewer than all claims or parties "when there is no just cause for delay." *See* Fed. R. Civ. P. 54(b); *see also Block v. Toyota Motor Corp.*, Civ. No. 10-2802, 2011 WL 795756, at *2 (D. Minn. Feb. 8, 2011); *Imation Corp. v. Koninklijke Philips Elecs.*, Civ. No. 07-3668, 2009 WL 150964, at *1 (D. Minn. Jan. 21, 2009). To grant a motion under Rule 54(b), a court must find that (1) a final judgment is at issue and (2) there is no just cause for delay. *Block*, 2011 WL 795756, at *2. The decision to certify a judgment as final lies within the "sound discretion of the district court." *Curtiss-Wright Corp. v. Gen. Elec.* Co., 446 U.S. 1, 8 (1980).

### A. The Court's Order Was a Final Judgment on the Arbitration Plaintiffs' Claims

A district court's decision is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Reinholdson v. Minnesota*, 346 F.3d 847, 849 (8th Cir. 2003) (quoting *Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 204 (1999)); *and see Curtiss-Wright*, 446 U.S. at 7 (to grant certification under Rule 54(b),

the court must find a "'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action") (quotation omitted). A final order reflects some "clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as [the court] is concerned, is the end of the case." *Id.* (quoting *Goodwin v. United States*, 67 F.3d 149, 151 (8th Cir. 1995)). "Finality" has been found to exist by courts "when the district court has disposed of all the rights and liabilities of at least one party to at least one claim." *Northwest Airlines v. Astraea Aviation Servs.*, 930 F. Supp. 1317, 1324 (D. Minn. 1996). A dismissal without prejudice can be an appealable final order. *Great Rivers Coop. of Southwestern Iowa v. Farmland Indus., Inc.*, 198 F.3d 685, 689 (8th Cir. 1999) (dismissal without prejudice evinces "clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as [the court] is concerned, is the end of the case") (quotation omitted; alteration in original); *see also United States v. Nat'l City Lines, Inc.*, 334 U.S. 573, 577 (1948).

The Court's July 5, 2011 Order dismissed the Arbitration Plaintiffs' claims in their entirety. The Court held that "[w]ith respect to the Arbitration Plaintiffs, the only claims asserted are subject to arbitration, and therefore are properly dismissed." ECF No. 141 at 11 (finding "entire controversy" between Arbitration Plaintiffs and Defendants subject to arbitration). Consequently, the Order disposes of all of the Arbitration Plaintiffs' claims against both of the Defendants in this lawsuit, and the Arbitration Plaintiffs are barred from seeking further relief in federal court. As such, the Order is "the ultimate disposition of an individual claim" and the Arbitration Plaintiffs have met the first

requirement for Rule 54(b) certification that the court "is dealing with a 'final judgment.'" *Curtiss-Wright Corp.,* 446 U.S. at 7.

### B. No Just Reason Exists to Delay Entry of Final Judgment

Under Rule 54(b), the Court must expressly find that there is "no just reason for delay." In determining whether there is just reason to delay entry of judgment, a "district court must take into account judicial administrative interests as well as the equities involved." *Astraea Aviation*, 930 F. Supp. at 1325. Courts should specifically avoid "piecemeal appeals" by examining factors such "as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp.,* 446 U.S. at 8; *see also Northwest Airlines, Inc. v. Phillips*, Civ. No. 07-4803, 2009 WL 2591641, at *1 (D. Minn. Aug. 19, 2009) (citing *McAdams v. McCord,* 533 F.3d 924, 928 (8th Cir. 2008)). The Eighth Circuit has also identified the following factors as relevant in determining whether to enter final judgment on an order under Rule 54(b):

> 1) the relationship between the adjudicated and un-adjudicated claims;
>
> 2) the possibility that the need for review might or might not be mooted by future developments in the district court;
>
> 3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
>
> 4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and

> 5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*See Kirkwood v. Taylor*, 590 F. Supp. 1375, 1387 (D. Minn. 1984) (citing *Hayden v. McDonald*, 719 F.2d 266, 269 (8th Cir. 1983)). However, a district court may consider any factor it deems relevant. *Id.*

A district court should direct the entry of a final judgment when the case warrants an immediate appeal from the partial resolution of the lawsuit. *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993). Ultimately, a court's order should be certified if denying final judgment would pose a "danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Hayden*, 719 F.3d at 268; *see also Transclean Corp. v. Bill Clark Oil Co.*, No. Civ. 02-1138, 2004 WL 2730101, at *4 (D. Minn. Nov. 18, 2004).

Entry of final judgment on the Court's July 5 Order would promote efficiency and equity. The Court thus would advance judicial administrative interests by allowing the Arbitration Plaintiffs' claims to be resolved now on appeal. By contrast, if their appeal were delayed until resolution of the other Plaintiffs' claims, and if the Arbitration Plaintiffs succeed on appeal, matters decided in this litigation in the Arbitration Plaintiffs' absence will have to be relitigated.

Additionally, there is no risk of "piecemeal appeals." There will be no other occasion when an appeals court would be asked to consider whether the Arbitration Plaintiffs are precluded from bringing their claims against the Defendants in court. Once the appeal is resolved, the Arbitration Plaintiffs either will have a right to pursue relief in

court or there will be no further stages of litigation for these Plaintiffs. Accordingly, the claims are entirely separable from the claims remaining to be adjudicated.

For all these reasons, there is no just reason for delay in certifying the Court's Order for appeal under Rule 54(b).

## CONCLUSION

The Court's July 5 Order effectively adjudicates all claims by the Arbitration Plaintiffs against both Defendants. But it does not adjudicate all the claims and all the rights and liabilities of all the parties, and thus is not immediately appealable. *See* Fed. R. Civ. P. 54(b).

In order for the Arbitration Plaintiffs to appeal, the Court must expressly find no just reason for delay and direct entry of final judgment on the Court's July 5 Order. For all the above reasons, the Arbitration Plaintiffs respectfully request that the Court so order.

Dated: August 1, 2011              _s/Elizabeth R. Odette_____
                                              W. Joseph Bruckner (#147758)
                                              Elizabeth R. Odette (#0340698)
                                              LOCKRIDGE GRINDAL NAUEN P.L.L.P.
                                              100 Washington Avenue South
                                              Suite 2200
                                              Minneapolis, MN  55401
                                              Tel: (612) 339-6900
                                              Fax: (612) 339-0981
                                              E-mail: wjbruckner@locklaw.com
                                                                               erodette@locklaw.com

                                              *Liaison Counsel for Plaintiffs and the Direct Purchaser Classes*

Richard B. Drubel
Kimberly H. Schultz
BOIES, SCHILLER & FLEXNER LLP
26 South Main Street
Hanover, NH  03755
Tel: (603) 643-9090
Fax: (603) 643-9010
E-mail: rdrubel@bsfllp.com
kschultz@bsfllp.com

Daniel A. Kotchen
Daniel L. Low
KOTCHEN & LOW LLP
2300 M Street, NW
Suite 800
Washington, D.C.  20037
Tel: (202) 416-1848
Fax: (202) 280-1128
E-mail: dkotchen@kotchen.com
dlow@kotchen.com

Joel C. Meredith
Steven J. Greenfogel
Daniel B. Allanoff
MEREDITH COHEN GREENFOGEL
 & SKIRNICK PC
1521 Locust Street
8th Floor
Philadelphia, PA  19102
Tel: (215) 564-5182
Fax: (215) 569-0958
E-mail: jmeredith@mcgslaw.com
sgreenfogel@mcgslaw.com
dallanoff@mcgslaw.com

*Co-Lead Counsel for Plaintiffs and the Direct Purchaser Classes*