**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re Wholesale Grocery Products Antitrust Litigation | **MEMORANDUM OPINION AND ORDER** Court File No. 09-MD-2090 ADM/AJB |
| This Order Relates to All Actions | |

Richard B. Drubel, Esq., Anne M. Nardacci, Esq., and Kimberly H. Schultz, Esq., Boies, Schiller & Flexner LLP, Hanover, NH and Albany, NY; Joel C. Meredith, Esq., Steven J. Greenfogel, Esq., and Daniel B. Allanoff, Esq., Meredith Cohen Greenfogel & Skirnick, PC, Philadelphia, PA; Daniel Kotchen, Esq., and Daniel Low, Esq., Kotchen & Low LLP, Washington, DC; and Elizabeth R. Odette, Esq., and W. Joseph Bruckner, Esq., Lockridge, Grindal, Nauen, PLLP, Minneapolis, MN, on behalf of Plaintiffs.

Stephen P. Safranski, Esq., Heather M. McElroy, Esq., Martin R. Lueck, Esq., K. Craig Wildfang, Esq., Jennifer G. Daugherty, Esq., James S. Harrington, Esq., E. Casey Beckett, Esq., and Damien A. Riehl, Esq., Robins, Kaplan, Miller & Ciresi, LLP, Minneapolis, MN and Boston, MA, and Gordon J. MacDonald, Nixon Peabody LLP, Manchester, NH, on behalf of Defendant SuperValu, Inc.

Charles A. Loughlin, Esq., Christopher J. MacAvoy, Esq., and David S. Shotlander, Baker Botts LLP, Washington, DC; Nicole M. Moen, Esq., and Todd A. Wind, Esq., Fredrikson & Byron, PA, Minneapolis, MN, on behalf of Defendant C&S Wholesale Grocers, Inc.

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Plaintiffs JFM Market, Inc.'s, MFJ Market Inc.'s, King Cole Foods, Inc.'s, Millennium Operations, Inc.'s, and Blue Goose Super Market's (collectively, the "Arbitration Plaintiffs") Motion Requesting Certification of Final Judgment Pursuant to Fed. R. Civ. P. 54(b) [Docket No. 161] (the "Motion"). Defendants C&S Wholesale Grocers, Inc. ("C&S") and SuperValu, Inc. ("SuperValu") oppose the Motion. For the reasons set forth below, the Motion is granted.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re Wholesale Grocery Products Antitrust Litigation | **MEMORANDUM OPINION AND ORDER** Court File No. 09-MD-2090 ADM/AJB |
| This Order Relates to All Actions | |

Richard B. Drubel, Esq., Anne M. Nardacci, Esq., and Kimberly H. Schultz, Esq., Boies, Schiller & Flexner LLP, Hanover, NH and Albany, NY; Joel C. Meredith, Esq., Steven J. Greenfogel, Esq., and Daniel B. Allanoff, Esq., Meredith Cohen Greenfogel & Skirnick, PC, Philadelphia, PA; Daniel Kotchen, Esq., and Daniel Low, Esq., Kotchen & Low LLP, Washington, DC; and Elizabeth R. Odette, Esq., and W. Joseph Bruckner, Esq., Lockridge, Grindal, Nauen, PLLP, Minneapolis, MN, on behalf of Plaintiffs.

Stephen P. Safranski, Esq., Heather M. McElroy, Esq., Martin R. Lueck, Esq., K. Craig Wildfang, Esq., Jennifer G. Daugherty, Esq., James S. Harrington, Esq., E. Casey Beckett, Esq., and Damien A. Riehl, Esq., Robins, Kaplan, Miller & Ciresi, LLP, Minneapolis, MN and Boston, MA, and Gordon J. MacDonald, Nixon Peabody LLP, Manchester, NH, on behalf of Defendant SuperValu, Inc.

Charles A. Loughlin, Esq., Christopher J. MacAvoy, Esq., and David S. Shotlander, Baker Botts LLP, Washington, DC; Nicole M. Moen, Esq., and Todd A. Wind, Esq., Fredrikson & Byron, PA, Minneapolis, MN, on behalf of Defendant C&S Wholesale Grocers, Inc.

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Plaintiffs JFM Market, Inc.'s, MFJ Market Inc.'s, King Cole Foods, Inc.'s, Millennium Operations, Inc.'s, and Blue Goose Super Market's (collectively, the "Arbitration Plaintiffs") Motion Requesting Certification of Final Judgment Pursuant to Fed. R. Civ. P. 54(b) [Docket No. 161] (the "Motion"). Defendants C&S Wholesale Grocers, Inc. ("C&S") and SuperValu, Inc. ("SuperValu") oppose the Motion. For the reasons set forth below, the Motion is granted.

## II. BACKGROUND

The factual background of this multidistrict litigation has been set forth at length in the Court's previous orders and will not be repeated here, but rather is incorporated by reference. The Arbitration Plaintiffs each have an agreement to arbitrate claims against either C&S or SuperValu or both. On that basis, the Court dismissed without prejudice the claims of each of the Arbitration Plaintiffs by Order dated July 5, 2011 [Docket No. 141] (the "July 5, 2011 Order"). The Arbitration Plaintiffs requested permission to file a motion to reconsider and permission was denied on July 21, 2011 [Docket No. 154].

The Arbitration Plaintiffs now seek to appeal the dismissal of their claims, and invoke Rule 54(b) of the Federal Rules of Civil Procedure (the "FRCP") in seeking entry of judgment to allow appeal. C&S and SuperValu (collectively "Defendants") oppose entry of judgment, arguing that the Arbitration Plaintiffs have not shown the requisite danger of hardship or injustice, that an appeal would not serve judicial economy, and that an appeal would be inconsistent with the Federal Arbitration Act.[1]

---

[1] Plaintiffs filed a Reply [Docket No. 171] brief in this matter. Defendants filed a Letter [Docket No. 172] objecting to the filing of the Reply and addressing the arguments raised therein. Under Local Rule 7.1(a), reply briefs are not permitted in support of non-dispositive motions without prior permission of the Court. Under Local Rule 7.1(b), a motion under Rule 54(b) is not a dispositive motion. Plaintiffs called to inform the Court's Calendar Clerk that they would file the reply brief, but did not receive permission to do so. To the extent that Plaintiffs attempted to invoke Local Rule 7.1(c), which adopts the briefing schedule for dispositive motions for post-trial and post-judgment motions, in filing their reply brief, they cannot do so because judgment has not yet been entered. For these reasons, Plaintiffs' Reply and the substantive legal arguments in Defendants' Letter were not considered by the Court.

## III.  DISCUSSION

**A.     Legal Standard**

Rule 54(b) of the FRCP provides that in actions with multiple parties the Court may direct entry of a final judgment as to one or more, but fewer than all, parties if the Court determines that there is no just reason for delay.  Fed. R. Civ. P. 54(b).  To grant a motion under Rule 54(b), the Court must find that (1) a final judgment is at issue and (2) there is no just cause for delay.  Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7-8 (1980).

A decision to grant a Rule 54(b) motion rests in the "sound discretion" of district courts. Harris v. Secretary, U.S. Dept. of the Army, 119 F.3d 1313, 1320 (8th Cir. 1997).  Nonetheless, 54(b) certification should not be granted routinely or as an accommodation to counsel.  Hayden v. McDonald, 719 F.2d 266, 268 (8th Cir. 1983) (per curiam) (quotations omitted).  Rule 54(b) certification should be granted only if there exists "some danger of hardship or injustice through delay."  Id. (quotation omitted).  Relevant factors for district courts to consider are: (1) relationship between adjudicated and unadjudicated claims, (2) possibility that future developments could moot the need for review, (3) the possibility that a reviewing court may be called to consider the same issue a second time, (4) presence or absence of a claim or counterclaim that could create a setoff, and (5) miscellaneous factors, including time of trial, expense, and solvency of the parties.  Id. at 269 (quotation omitted).

**B.     Analysis**

The July 5, 2011 Order dismissed the Arbitration Plaintiffs' claims without prejudice, and the parties do not appear to dispute the Order is a final judgment.  See Great Rivers Coop. of S.W. Iowa v. Farmland Indus., Inc., 198 F.3d 685, 689 (8th Cir. 1999) (noting that dismissal

without prejudice may be a final judgment). Rather, the parties dispute whether there is "just cause for delay." Defendants contend that the Arbitration Plaintiffs have failed to identify the requisite "danger of hardship or injustice." To the contrary, the central theme of the Arbitration Plaintiffs' argument has been that this case presents uniquely high costs that eviscerate their ability to pursue claims individually in arbitration. Defendants counter that argument by insisting that the Arbitration Plaintiffs may share costs among themselves and with the other Plaintiffs as the groups' claims proceed in parallel arbitration and litigation. Defs.' Reply Mem. in Support of Their Mot. to Dismiss or Stay under the Federal Arbitration Act [Docket No. 134] at 18.

Expense is a factor that the Eighth Circuit has directed district courts to consider in a Rule 54(b) analysis. Hayden, 719 F.2d at 269. Further, district courts are free to consider any factor deemed relevant to a Rule 54(b) motion. Kirkwood v. Taylor, 590 F. Supp. 1375, 1387 (D. Minn. 1984). The expense of litigation and arbitration is a very significant issue in this case. As Defendants noted in support of their successful Motion to Dismiss, coordination of parallel proceedings will best assist in mitigating the extraordinary costs associated with prosecuting the claims here. Coordination will best be served by having an immediate appeal because arbitration costs will be avoided should the Arbitration Plaintiffs prevail and, win or lose, the Arbitration Plaintiffs will best be able to coordinate the timing of their arbitration or litigation with the other Plaintiffs if the issue of arbitrability is definitively resolved now. Plaintiffs have made the requisite showing of a danger of hardship or injustice.

Defendants also argue that judicial economy is best served by denying the Motion because future events may render the Arbitration Plaintiffs' appeal moot. Specifically,

Defendants argue that a future decertification could moot the issue because the Arbitration Plaintiffs have expressed reluctance to pursue claims individually.  That possibility is speculative and remote.  Contrary to Defendants' assertions, whether the Arbitration Plaintiffs would individually pursue their claims in *litigation* is unknown.  In particular, part of the Arbitration Plaintiffs' concern regarding prohibitive costs is potential confidentiality obligations in arbitration that would not be implicated if this Court's decision on arbitrability were reversed.  See Pls.' July 8, 2011 Letter [Docket No. 148] at n.2 (stating Plaintiffs' belief that confidentiality requirements of arbitration would preclude information sharing and increase costs of arbitration).

The parties further dispute whether judicial economy favors Rule 54(b) certification.  Defendants aver judicial economy will be harmed by certification because future unnamed class members may also have arbitration agreements, which may require arbitrability issues to be addressed during a future appeal.  Defendants' request for relief in their Motion to Dismiss [Docket No. 113] was that the Arbitration Plaintiffs be dismissed and that allegations on behalf of the "Arbitration Subclasses" be struck from the Complaint.  That motion was granted and that relief was granted.  July 5, 2011 Order at 11-12.  The remaining Plaintiffs are not parties to agreements to arbitrate with either Defendant.  Any future analysis of arbitrability of unnamed class members, therefore, will focus on typicality and other class certification requirements of Rule 23 of the Federal Rules of Civil Procedure.  Rule 23 and equitable estoppel are not one and the same, and it is the only the latter that formed the basis of the July 5, 2011 Order.  Further, the threat of "piecemeal appeals" is insufficient to outweigh the Arbitration Plaintiffs' interests in an appeal.  As recognized in Curtis-Wright, judicial economy is served if "no appellate court would have to decide the same issues more than once even if there were subsequent appeals."  446 U.S.

at 8.  The only foreseeable occasion to address the application of equitable estoppel by appeal in this action is now.  Judicial economy is not affected by Rule 54(b) certification here.

Finally, Defendants argue that Rule 54(b) certification here is inconsistent with the Federal Arbitration Act (the "FAA").  Defendants argue that 9 U.S.C. § 16 evinces an intent of Congress to allow appeals only of orders that favor litigation over arbitration, and not orders that favor arbitration, like the Court's July 5, 2011 Order.  In Green Tree Fin. Corp.-Alabama v. Randolph, the same argument was made–that the FAA allows immediate appeal only of orders favoring litigation over arbitration.  531 U.S. 79, 86.  The Supreme Court disagreed, however, and noted that the FAA allows immediate appeal of any "final decision with respect to an arbitration."  Id. (quoting 9 U.S.C. § 16(a)(3)).

Along those lines, Defendants argue that the Arbitration Plaintiffs may not appeal because no final decision has been made here.  This argument is circular.  The sole reason that no final decision exists is because judgment has not yet been entered–which is the precise issue that is presently before the Court.  As noted in Green Tree, the term "final decision" in the context of the FAA is given its well-developed and longstanding meaning of a decision that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment."  Id. (citations and quotations omitted).  Of course, Green Tree was not a case with multiple plaintiffs asserting claims, as is the case here.

Where multiple parties and multiple issues are present, Rule 54(b) is the mechanism for designating final decisions where less than all claims or parties reach an ultimate disposition. See Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1959) (noting that Rule 54(b) "does not supersede any statute controlling appellate jurisdiction," but rather allows for finality

requirements to be administered practically in complex litigation). As noted above, it is not disputed that the dismissal of the Arbitration Plaintiffs' claims was a "final judgment" with respect to Rule 54(b), and therefore once judgment is entered, a "final decision" will be rendered for appeals purposes. Nothing in the FAA countermands entry of judgment here.

### IV. CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Arbitration Plaintiffs' Motion Requesting Certification of Final Judgment Pursuant to Fed. R. Civ. P. 54(b) [Docket No. 161] is **GRANTED**, and there being no just cause for delay, the Court pursuant to Rule 54(b) of the Federal Rules of Civil Procedure directs the Clerk to enter final judgment against the Arbitration Plaintiffs on all claims dismissed in the Court's Order dated July 5, 2011 [Docket No. 141].

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: August 30, 2011.