# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE:  WHOLESALE GROCERY PRODUCTS ANTITRUST LITIGATION | Civil Action No. 09-md-02090 ADM/AJB MDL No. 2090 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

## PLAINTIFFS' OBJECTIONS TO DEFENDANTS' BILLS OF COSTS

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................ 1

II. STANDARD OF REVIEW ................................................................ 2

III. ARGUMENT .................................................................................... 3

    A.    **The Court Should Stay Any Award of Costs Pending Resolution of the Current Appeal.** ............................................. 3

    B.    **The Court Should Stay Any Award of Costs Until All Claims of All Parties are Resolved.** ...................................................... 4

    C.    **The Court Should Exercise its Substantial Discretion and Deny Costs for, *Inter Alia,* Antitrust and Class Action Public Policy Considerations.** ....................................................................... 6

    D.    **Certain Costs Claimed by Defendants Are Not Taxable.** ........ 7

        1.    **Defendants May Not Recover For Both Stenographic and Video Recordings of Depositions.** ............................. 7

        2.    **Defendants May Not Recover Costs for Deposition Transcripts Which They Have Not Demonstrated Were Necessarily Obtained.** ...................................................... 9

        3.    **Defendants May Not Recover Costs By Attempting to Recharacterize Responding To Discovery Requests As Taxable Copying Or Exemplification Costs.** ................. 12

        4.    **Defendants May Not Recover Expert Witness Fees As Taxable Costs.** ............................................................. 15

IV. CONCLUSION ............................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Bathke v. Casey's Gen. Stores, Inc.,*
   64 F.3d 340 (8th Cir. 1995) ....................................................... 2

*Brown v. The McGraw-Hill Cos., Inc.,*
   526 F. Supp. 2d 950 (N.D. Iowa 2007)...................................... 14

*Buetow v. A.L.S. Enters., Inc.,*
   No. 07-3970, 2010 WL 3781862 (D. Minn. Sept. 22, 2010).................................. 3, 6

*Computrol, Inc. v. Newtrend, L.P.,*
   203 F.3d 1064 (8th Cir. 2000) .................................................. 2

*Concord Boat Corp. v. Brunswick Corp.,*
   309 F.3d 494 (8th Cir. 2002) ................................................. 4, 6

*DeBoer v. Mellon Mortg. Co.,*
   64 F.3d 1171 (8th Cir. 1995) ................................................... 6

*Delgado v. Hajicek,*
   Civ. No. 07-2186, 2009 WL 2366558 (D. Minn. July 30, 2009) ......................... 7, 16

*Der v. Connolly,*
   No. 08-CV-6409, 2011 WL 31498 (D. Minn. Jan. 5, 2011)............................... 16, 17

*E.E.O.C. v. Hibbing Taconite Co.,*
   Civ. No. 09-729, 2010 WL 4237318 (D. Minn. Oct. 21, 2010) ................................. 8

*Emmenegger v. Bull Moose Tube Co.,*
   33 F. Supp. 2d 1127 (E.D. Mo. 1998)...................................... 12

*Eolas Techs. Inc. v. Adobe Sys., Inc.,*
   No. 6:09-CV-446, 2012 WL 4092586, at *2-3 (E.D. Tex. July 19, 2012)................. 14

*Fells v. Virginia Dept. of Transp.,*
   605 F. Supp. 2d 740 (E.D. Va. 2009) ...................................... 14

*Flint Hills Resources LP v. Lovegreen Turbine Services, Inc.,*
   Civ. No. 04-4699, 2008 WL 4527816, at *13 (D. Minn. Sept. 29, 2008) ................. 16

*Fogie v. Rent-A-Center, Inc.*,
   867 F. Supp. 1398 (D. Minn. 1993) ............................................................. 6

*Hardy Salt Co. v. State of Ill.*,
   377 F.2d 768 (8th Cir. 1967) ...................................................................... 6

*In re Derailment Cases*,
   417 F.3d 840 (8th Cir. 2005) ............................................................. 2,  5,  6

*In re Wholesale Grocery Prods. Antitrust Litig.*,
   Nos. 11-3768, 11-3773, ___ F.3d ___, 2013 WL 514758 (8th Cir. Feb. 13,
   2013) ........................................................................................................ 5

*Jones v. Nat'l Am. Univ.*,
   No. CIV. 06–5075–KES, 2009 WL 2005293 (D.S.D. July 8, 2009)......................... 12

*Leh v. Gen. Petroleum Corp.*,
   382 U.S. 54 (1965) ..................................................................................... 6

*Little Rock Cardiology Clinic PA v. Baptist Health*,
   591 F.3d 591 (8th Cir. 2009) ................................................................. 7, 16

*Moore v. DaimlerChrysler Corp.*,
   No. 4:06CV757 CDP, 2007 WL 1445591 (E.D. Mo. May 11, 2007) ....................... 12

*Owner-Operator Indep. Drivers Ass'n, Inc. v. SuperValu, Inc.*,
   Civ. No. 05-2809, 2012 WL 6760098 (D. Minn. Sept. 30, 2012) .................. 7,  15,  16

*Sphere Drake Ins. PLC v. Trisko*,
   66 F. Supp. 2d 1088 (D. Minn. 1999) ......................................................... 12,  13,  16

*State of Mich. v. Morton Salt Co.*,
   259 F. Supp. 35 (D. Minn. 1966) ............................................................... 6

*Taniguchi v. Kan Pacific Saipan, Ltd.*,
   132 S. Ct. 1997 (2012) ......................................................................... 2,  4

*UNI-Systems, Inc. v. Delta Air Lines, Inc.*,
   No. CIV 4-96-973, 2002 WL 505914 (D. Minn. Mar. 28, 2002) ..... 9,  10,  11,  12,  13

## RULES

Fed. R. Civ. P. 26(b)(4)(E) ..................................................................... passim

Fed. R. Civ. P. 54(d)(1) ....................................................................... passim

STATUTES

28 U.S.C. § 1920 (2012) ........................................................................................ passim

42 U.S.C. § 1988(c) ................................................................................................. 16

OTHER AUTHORITIES

10 Charles A. Wright et al., Federal Practice and Procedure § 2667 (3d ed. 2006) .......... 4

*Manual for Complex Litig. (Fourth)* § 11.631 (2004) ........................................................ 5

# I.     INTRODUCTION

Plaintiffs object to the two Bills of Costs submitted by Defendants.[1]  Defendants'

bills should be rejected in their entirety for the reasons discussed below.  Moreover, even

when or if at some time in the future the Court might consider an appropriate bill of costs,

Defendants' current bills predominantly include items not properly taxable in any event.

First, in light of the recent decision of the Court of Appeals, this case is ongoing.

Summary judgment has been entered only against two of the seven Plaintiffs, and that

summary judgment order is currently on appeal.  Therefore, the Court should exercise its

substantial discretion and stay any award of costs to Defendants until final resolution of

claims by all Plaintiffs who might be jointly and severally liable for any legitimately

taxable costs.  Such a decision would promote efficiency and fairness, and avoid wasting

judicial resources on premature and piecemeal decisions.

Second, this is a putative class action, and the two Plaintiffs against whom

Defendants seek to tax costs serve in a representative capacity for all putative class

members.  Taxing significant and class-wide costs against only a very small fraction of

the class members is contrary to the public policy goals of U.S. antitrust laws, which rely

greatly on private class actions for their effective enforcement.

Finally, many of the costs Defendants presently seek are not taxable in any event.

So when, if ever, it is appropriate and fair for the Court to address a proper bill of costs

on its merits, many of the items and categories presently sought should be disallowed.

---

[1]  *See* Bill of Costs, SuperValu Inc., Feb. 15, 2013 (ECF No. 439); Bill of Costs, C&S
Wholesale Grocers, Inc., Feb. 15, 2013 (ECF No. 440).  Defendant SuperValu Inc. seeks
$162,251.10, and Defendant C&S Wholesale Grocers, Inc. seeks $428,373.00.

## II.    STANDARD OF REVIEW

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs—other than attorney's fees—should be allowed to the prevailing party."  The District Court has substantial discretion in awarding such costs.  *Bathke v. Casey's Gen. Stores, Inc.,* 64 F.3d 340, 347 (8th Cir. 1995).  The Rule is phrased in "permissive terms" and in fact "grants a federal court the discretion to *refuse* to tax costs in favor of the prevailing party." *Computrol, Inc. v. Newtrend, L.P.*, 203 F.3d 1064, 1072 (8th Cir. 2000) (emphasis added).  The "discretion granted by Rule 54(d) is not a power to evade the specific categories of costs set forth by Congress.  Rather, we have said, it is solely a power to decline to tax, as costs, the items enumerated in [28 U.S.C.] § 1920." *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012) (internal citation and quotation marks omitted).  There is no exhaustive list of factors that controls the Court's discretion.  The District Court also may stay an award of costs pending the resolution of all claims by all parties.  *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005) (finding that the District Court should have held award of costs in abeyance while claims by some plaintiffs were still pending).  Finally, under Rules 54(d)(1) or 28 U.S.C. §1920 (2012), a prevailing party is entitled to an award of costs *only* for the categories of costs set forth in 28 U.S.C. § 1920.  As shown below, many of the costs claimed by Defendants here are not properly taxable.

2

## III.   ARGUMENT

### A.   The Court Should Stay Any Award of Costs Pending Resolution of the Current Appeal.

Plaintiffs have appealed the orders upon which Defendants' Bills of Costs are based.[2]  Therefore, considerations of efficiency and fairness should lead this Court in its discretion to defer any award of costs until the appeal is resolved and a final decision is made in this case.  *Buetow v. A.L.S. Enters., Inc.*, No. 07-3970 (RHK/JJK), 2010 WL 3781862, at *1 (D. Minn. Sept. 22, 2010).  "It is beyond peradventure that the Court possesses the authority to hold a motion in abeyance if resolution of a pending appeal will make currently disputed issues moot."  *Id.* (internal citations and quotations omitted).  Furthermore, the Advisory Notes to D. Minn. Local Rule 54.3 state that "if post-judgment motions may significantly affect the results of the case (and thus the extent of the award), it may be more fair or more efficient to postpone submission and consideration of the fee motions until after those motions are decided."  D. Minn. L.R. 54.3, 1991 Advisory Committee's Note.

Awarding costs at this time not only would be piecemeal, it would be inefficient, premature and a waste of judicial resources.  *See Buetow*, 2010 WL 3781862, at *1.  To

---

[2]   Plaintiffs have appealed: (1) the July 7, 2010, Memorandum Opinion and Order denying Plaintiffs' Motion for Partial Summary Judgment (ECF No. 65); (2) the July 16, 2012, Memorandum Opinion and Order Denying Plaintiffs' Motion for Class Certification (ECF No. 350); (3) the January 11, 2013, Memorandum Opinion and Order denying Plaintiffs' Motion to Defer Consideration, denying Plaintiffs' Motion for Partial Summary Judgment, granting Defendants' Motion for Summary Judgment, and denying Plaintiffs' Request for Leave to File Revised Motion for Class Certification (ECF No. 427); and (4) the January 16, 2013 entry of judgment for Defendants  (ECF No. 428). *See* Pls.' Notice of Appeal, Feb. 7, 2013 (ECF No. 429).

3

award costs prior to final resolution leads to a host of practical problems, including allowing these Plaintiffs to recover from Defendants any such interim cost assessment, plus interest, in the event they prevail on appeal.  As Professors Wright, Miller, Kane, and Marcus have noted, "a determination of who is the prevailing party for purposes of awarding costs should not depend on the position of the parties at each stage of the litigation but should be made when the controversy is finally decided."[3]  Therefore, the Court should stay any award of costs to Defendants until this case is finally resolved.

### B.   The Court Should Stay Any Award of Costs Until All Claims of All Parties are Resolved.

As noted previously, any award of costs of discretionary, and the Court retains the "power to decline to tax, as costs, the items enumerated" in 28 U.S.C. § 1920.  *Taniguchi*, 132 S. Ct. at 2006 (internal citation and quotation marks omitted).  In the interests of fairness and efficiency, the Court should decline to award, or stay the award, of costs because, while Defendants seek awards of costs against *two* Plaintiffs (based on an order currently on appeal), they are not prevailing parties with respect to *all seven* Plaintiffs.  In consolidated cases, the general rule is that parties are jointly and severally liable for the properly taxable costs of a prevailing party.  *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 497 (8th Cir. 2002).  The seven Plaintiffs in this case filed one consolidated complaint against Defendants, are represented by Co-Lead Counsel, and allege consolidated claims in one consolidated multi-district case.  The resulting costs are not separable among Plaintiffs.  *See id.* (explaining that costs should not be

---

[3] 10 Charles A. Wright et al., Federal Practice and Procedure § 2667 (3d ed. 2006).

individualized unless they are separable and the result of separate cost generation); *see also Manual for Complex Litig. (Fourth)* § 11.631 (2004) (noting that consolidated cases relieve the parties from filing duplicative documents and increase efficiency).

In a case with similar facts, *In re Derailment Cases*, the Eighth Circuit found that because claims by one plaintiff group against a defendant were still pending, the Court of Appeals was unable to determine whether that defendant was a prevailing party against those plaintiffs. The Court also found that the district court clerk would have erred in including those plaintiffs whose claims were still pending in a cost award to the defendant. The most practical resolution, the Court noted, was for the district court to hold in abeyance its award of costs until those plaintiffs' claims have been resolved. *In re Derailment Cases*, 417 F.3d at 844.

Likewise here, although summary judgment has been granted against the two Plaintiffs against whom Defendants now seek costs (a judgment now on appeal, *see* Section III.A *supra*), the claims of the other five Plaintiffs have been remanded to this Court for further proceedings,[4] so Defendants plainly are not prevailing parties as to those Plaintiffs. As noted above, costs are not separable among Plaintiffs, and each Plaintiff— *if liable at all*—would be jointly and severally liable for any costs properly awarded. Thus, if Defendants in this case do not prevail against all Plaintiffs, they would not be

---

[4] *See In re Wholesale Grocery Prods. Antitrust Litig.*, Nos. 11-3768, 11-3773, ___ F.3d ___, 2013 WL 514758 (8th Cir. Feb. 13, 2013) (reversing *In re Wholesale Grocery Prods. Antitrust Litig.,* No. 09-MD-2090 ADM/AJB, 2011 WL 3837107, at *4 (D. Minn. Aug. 30, 2011)).

prevailing parties, Plaintiffs would not be liable for costs, and therefore it would be unfair in the meantime to tax costs in a piecemeal fashion against only two Plaintiffs.

Therefore, as in *In re Derailment Cases*, 417 F.3d at 844, and *Buetow*, 2010 WL 3781862, at *1, the most practical resolution here is for this Court to hold in abeyance any award of costs until a final determination is made as to whether Defendants have prevailed against all Plaintiffs.  Such a stay would allow any costs to be determined at one time when and if they may be appropriate.  *Accord Concord Boat Corp.*, 309 F.3d at 497.

**C.     The Court Should Exercise its Substantial Discretion and Deny Costs for, *Inter Alia*, Antitrust and Class Action Public Policy Considerations.**

A primary purpose of Rule 23 is to provide claimants with a "means of obtaining redress for claims too small to justify individual litigation."  *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1175 (8th Cir. 1995); *see also Fogie v. Rent-A-Center, Inc.*, 867 F. Supp. 1398, 1404 (D. Minn. 1993) ("Class actions often remedy legal wrongs when individual claims are relatively small and the costs of litigation prohibit individual actions.").  Furthermore, the private enforcement of antitrust laws is essential to the effectiveness of the United States antitrust enforcement scheme.  *Leh v. Gen. Petroleum Corp.*, 382 U.S. 54, 59 (1965) ("[P]rivate antitrust litigation is one of the surest weapons for effective enforcement of the antitrust laws.") (internal quotation marks omitted); *Hardy Salt Co. v. State of Ill.*, 377 F.2d 768, 773 (8th Cir. 1967) (same); *State of Mich. v. Morton Salt Co.*, 259 F. Supp. 35, 49 (D. Minn. 1966) (same).  To place the burden of extensive and significant class-wide costs on only two class representatives runs directly

6

counter to the important and substantial purpose of representative classes.   Such a decision would chill the willingness of class members to step forward as representative plaintiffs and dampen the incentive to bring an antitrust action at all.   In light of these compelling public policy considerations, the Court should exercise its discretion and decline to award costs to Defendants against a subset of the representatives and members of this Class.

### D.   Certain Costs Claimed by Defendants Are Not Taxable.

As argued above, Plaintiffs submit that *no* award is appropriate.   But to the extent that *any* award of costs would be appropriate at *any* time, many of the costs claimed by Defendants C&S and SuperValu are not properly taxable under Fed. R. Civ. P. 54(d)(1) or 28 U.S.C. § 1920.   A prevailing party is entitled to an award of costs *only* for the categories of costs set forth in 28 U.S.C. § 1920.   *See Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 601 (8th Cir. 2009); *Owner-Operator Indep. Drivers Ass'n, Inc. v. SuperValu, Inc.*, Civ. No. 05-2809, 2012 WL 6760098, at *17-18 (D. Minn. Sept. 30, 2012); *Delgado v. Hajicek*, Civ. No. 07-2186, 2009 WL 2366558, at *2 (D. Minn. July 30, 2009).   Defendants' requests include a number of clearly non-taxable items.

### 1.   Defendants May Not Recover For Both Stenographic and Video Recordings of Depositions.

Defendants inappropriately seek to recover costs for both printed deposition transcripts and electronically recorded versions.   *See* Declaration of David Shotlander at 3 (ECF No. 440-1) (requesting costs for stenographic recording and for "electronic support media"); Declaration of Heather McElroy at 2, ¶4 (ECF No. 439-1) (same).

Under § 1920, the prevailing party may recover the costs for the printed transcript *or* the electronic recording.  *See* 28 U.S.C. § 1920; *see also E.E.O.C. v. Hibbing Taconite Co.*, Civ. No. 09-729, 2010 WL 4237318, at *2 (D. Minn. Oct. 21, 2010) (holding that a party may not recover for both stenographic recording and electronic recordings of depositions).  Consistent with the statutes and case law, this Court's Bill of Costs Guide clearly provides that the Clerk generally will not tax costs for both stenographic and video recording of a deposition.  *See* United States District Court for the District of Minnesota, Bill of Costs Guide at 4 (Nov. 2012) ("Bill of Costs Guide").  The Bill of Costs Guide specifically states that a party seeking both types of fees "must explain why the expenditures of both were necessary for use in the case."  *Id.*  In spite of the case law limiting a prevailing party to the costs of *either* stenographic *or* video costs and the clear guidance from this Court's Bill of Costs Guide, Defendants request fees for both stenographic and video recording without providing any explanation for why both expenditures were necessary in the case.  Therefore, the Clerk should refuse to tax the costs associated with obtaining electronically recorded depositions.

For this category, C&S's request for costs should be reduced by $7,900,[5] and SuperValu's request should be reduced by $12,371.37.[6]

---

[5]  This consists of C&S's request for "MPEG CDs," which constitute electronic copies of the video.

[6]  This includes SuperValu's request for "MPEG CDs," fees for videographers, and fees for "DVD Production."

2. **Defendants May Not Recover Costs for Deposition Transcripts Which They Have Not Demonstrated Were Necessarily Obtained.**

Under § 1920, the prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" as taxable costs. Not all deposition costs are taxable; only those that were necessary. "The most direct evidence of 'necessity' is if the transcript was actually used in a court proceeding," and "[d]epositions that merely assist discovery or are investigatory in nature . . . generally are not taxable." *UNI-Systems, Inc. v. Delta Air Lines, Inc.*, No. CIV 4-96-973, 2002 WL 505914, at *2 (D. Minn. Mar. 28, 2002) (internal citation and quotation marks omitted). For a deposition that is not used in a court proceeding, the prevailing party has an obligation to demonstrate why the deposition transcript was necessary. *Id.* In *UNI-Systems*, the Court refused to award deposition fees as taxable costs because the prevailing party failed to provide sufficient information to allow the Court to determine whether the depositions were necessary. *Id.*

Consistent with this case law, this Court's Bill of Costs Guide provides that a party may generally recover costs of depositions in three instances: where the deponent testified at trial, where the deposition was admitted into evidence, and where the deposition was submitted in connection with an event that terminated the litigation. *See* Bill of Costs Guide at 4. Prevailing parties are expressly advised that they must provide an explanation for why any other type of deposition should be included: "If the deposition does not meet one of the categories above, the filing party must provide an

9

explanation as to why the transcript was reasonably necessary at the time of its taking."
*Id.*

Ignoring the case law and the directive from this Court, Defendants seek costs associated with depositions that Defendants did not submit in connection with "an event that terminated the litigation," the only category of deposition costs applicable here since there has yet been no trial, and Defendants do not "provide an explanation as to why the transcript[s were] reasonably necessary at the time of [their] taking."[7] *See* Declaration of Heather McElroy ¶ 4 (ECF No. 439-1) (requesting $5,210.45 in costs associated with depositions that SuperValu concedes were not cited in the summary judgment or class certification briefing); Declaration of David Shotlander ¶ 5, Table 2 (ECF No. 440-1) (requesting $4,654.25 in costs associated with depositions that it concedes were not cited in the summary judgment or class certification briefing).

Because these costs do not fall within one of the specific categories of taxable costs set forth in the Court's Bill of Costs Guide, Defendants must demonstrate that these transcripts were necessarily obtained.   Neither Defendant has done so.   SuperValu provides no explanation for why these depositions were necessary except simply to assert that it was required to defend various depositions to defend against the class certification

---

[7] Although Plaintiffs dispute that either summary judgment or the denial of class certification terminated the litigation, *see supra* Section III.A-B, depositions cited in favor of a successful motion for summary judgment may be taxable after the litigation is finally completed (a point, Plaintiffs submit, not yet reached in this case).   The Bill of Costs Guide does not specifically provide that depositions cited in successfully opposing class certification are taxable; however, Plaintiffs concede that, assuming all other criteria were met, which they are not here, such depositions may be taxable as necessarily obtained.

motion and to prepare for summary judgment. *See* Declaration of Heather McElroy ¶ 4 (ECF No. 439-1). But SuperValu's mere *assertion* that these depositions were necessary is insufficient; SuperValu must *demonstrate* that the depositions were necessary, and it has not done so. *Accord UNI-Systems*, 2002 WL 505914, at *2 (declining to grant costs for deposition transcripts because the party "made no showing that the depositions for which it obtained transcripts were reasonably necessary when they were taken").

C&S likewise fails to demonstrate that the depositions whose costs it seeks to recover were necessary. For all but one of the depositions, C&S does not provide any explanation. C&S attempts to justify necessity of the deposition of Joel Sebastian by incorrectly asserting that Plaintiffs identified him as a "key Plaintiffs' witness." Declaration of David Shotlander ¶ 5 (ECF No. 440-1). Mr. Sebastian was simply identified as one of many individuals with knowledge of the information alleged in Plaintiffs' complaint and was identified as the individual who informed Plaintiffs about the existence of a non-compete agreement between the Defendants. C&S's deposition of Mr. Sebastian was "investigatory in nature" and therefore is not a taxable cost. *UNI-Systems*, 2002 WL 505914, at *2.

This Court should deny SuperValu's and C&S's requests to tax costs associated with depositions that were not submitted in connection with the summary judgment or class certification briefing. Thus, at a minimum, the deposition costs set forth in

Defendants' bills of costs should be reduced by $5,210.45 for SuperValu and $4,654.25 for C&S.[8]

### 3.   Defendants May Not Recover Costs By Attempting to Recharacterize Responding To Discovery Requests As Taxable Copying Or Exemplification Costs.

Defendants inappropriately attempt to reclassify discovery and expert costs – costs that are not taxable – as exemplification or copying costs.  There are two fatal flaws with these requests.

First, these costs are not recoverable because they were incurred in responding to discovery requests.  This Court has held repeatedly that costs of copies made in responding to discovery are not recoverable.  *See, e.g., UNI-Systems,* 2002 WL 505914, at *3 (noting that § 1920 does not "cover a party's copying of documents to be produced in discovery" because these "are not copies of papers 'necessarily obtained for use in the case'"); *Sphere Drake Ins. PLC v. Trisko*, 66 F. Supp. 2d 1088, 1093 (D. Minn. 1999) ("[N]or does the costs statute cover a party's copying of documents to be produced in discovery.").[9]  Consistent with this case law, the Court's Bill of Costs Guide explicitly

---

[8] As with the taxable categories of depositions, SuperValu and C&S improperly request costs associated with obtaining both stenographic transcripts and videos, again of the depositions not submitted.  The figures set forth here include the total costs Defendants seek to tax for these unsupported deposition costs.

[9]  Other courts within the Eighth Circuit have similarly concluded that costs of copies made to respond to discovery are not recoverable.  *See, e.g., Jones v. Nat'l Am. Univ.*, No. CIV. 06–5075–KES, 2009 WL 2005293, at *6 (D.S.D. July 8, 2009) (stating that copies of papers produced in discovery are not taxable costs because copies of papers "necessarily obtained for use in the case" covers only the "cost of actually trying a case in the courtroom"); *Moore v. DaimlerChrysler Corp.*, No. 4:06CV757 CDP, 2007 WL 1445591, at *1 (E.D. Mo. May 11, 2007) (same); *Emmenegger v. Bull Moose Tube Co.*, 33 F. Supp. 2d 1127, 1133–34 (E.D. Mo. 1998) (same).

states that the Clerk will not tax costs for copies that were obtained for discovery purposes.  *See* Bill of Costs Guide at 7-8.

In spite of this clear directive and case law, SuperValu asserts that it is entitled to $104,417.82 "in certain fees for exemplification that were necessarily incurred *in complying with the Court's order regarding electronically stored information ('ESI') and Plaintiffs' document requests*."  Declaration of Heather McElroy ¶ 6(b) (ECF No. 439-1) (emphasis added).  C&S has also requested: (a) $120,773.39 for "fees for exemplification that were necessarily incurred *in complying with the Court's order regarding electronically stored information ('ESI') and Plaintiffs' document requests*"; (b) $5,900 for "fees for exemplification of archived ESI that had to be restored from back-up archive tapes prior to processing and production" in discovery; and (c) $245,533.75 for "fees for exemplification of transactional and related sales and credit data" in response to Plaintiffs' discovery requests.  *See* Declaration of David Shotlander ¶ 6(b)-(d) (ECF No. 440-1) (emphasis added).  Thus Defendants are, in their own words, seeking costs associated with responding to discovery requests.  These requests are, therefore, in direct contravention of the case law and this Court's Bill of Costs Guide.  *See UNI-Systems*, 2002 WL 505914, at *3; *Sphere Drake*, 66 F. Supp. 2d at 1093.  Under these cases – and the Court's Bill of Costs Guide – Defendants are not entitled to have these costs taxed.

Second, the costs Defendants are requesting are not actually for copying or exemplification.  Each Defendant includes a hodgepodge of e-discovery costs in their request, including costs associated with: processing to capture metadata, converting images to different file types, scanning documents, creating OCRs of documents, and

coding documents with information to build a document database.  *See* Declaration of

Heather McElroy ¶ 6(b) (ECF No. 439-1); Declaration of David Shotlander ¶ 6(b) (ECF

No. 440-1).  C&S also includes a request for costs associated with retrieving data from

back-up tapes.  *See* Declaration of David Shotlander ¶ 6(c) (ECF No. 440-1).  Although

Defendants assert that these costs are "akin to exemplification or copying," they fail to

explain how these services can be equated to making a copy or creating an exemplar.

The reason for this omission is simple – these costs are not akin to copying or

exemplification.  Courts have concluded that costs associated with processing documents

electronically are generally not recoverable as taxable costs because they are not the

equivalent of copying or exemplification.  *See, e.g.*, *Fells v. Virginia Dept. of Transp.*,

605 F. Supp. 2d 740, 743 (E.D. Va. 2009) (holding that costs associated with electronic

records initial processing, metadata extraction, and file conversion associated with

created electronic databases are not the equivalent of copying or exemplification); *Eolas*

*Techs. Inc. v. Adobe Sys., Inc.*, No. 6:09-CV-446, 2012 WL 4092586, at *2-3 (E.D. Tex.

July 19, 2012) (holding that costs associated with electronic document collection,

processing, hosting, and conversion are not taxable under § 1920).[10]

---

[10]   Of the categories of expenses that Defendants seek to classify as copying or exemplification, only one might be appropriate.  Some courts have concluded that creating a scanned digital image of a paper document is akin to copying.  *See Brown v. The McGraw-Hill Cos., Inc.*, 526 F. Supp. 2d 950, 959 (N.D. Iowa 2007).  Defendants do claim scanning costs, but those costs represent only a small fraction of the costs sought. *See* Declaration of David Shotlander ¶ 6(b), Table 4 (ECF No. 440-1) (showing that scanning costs comprise $19,862.57); Exhibit D to Declaration of Heather McElroy (ECF No. 439-5) (showing that scanning costs comprise $7,364.94).  If the Court does not decline to authorize any discovery expenses, the costs allowed should be dramatically reduced.

C&S also requests $245,533.75 in hourly fees paid to an outside vendor to create sales and credit data in response to Plaintiffs' data requests which sought information "sufficient to show" certain sales and profit information.  *See* Declaration of David Shotlander ¶ 6(d) (ECF No. 440-1).   In fact, these costs are not copying or exemplification costs, but instead are non-recoverable expert fees.   Notably, the cost included in this request is wholly attributable to hourly fees charged by the outside vendor – at rates of between $315 per hour and $475 per hour.   Expert fees are not recoverable as taxable costs – except for a daily appearance fee for deposition or trial time.   *See Owner-Operator Indep. Drivers Ass'n, Inc.*, 2012 WL 6760098, at *19 (holding that the prevailing party could recover only $40 per witness per day for depositions as taxable costs).

For this category, the Court should exclude $104,417.82 from SuperValu's request and $372,207.14 from C&S's request.

### 4.    Defendants May Not Recover Expert Witness Fees As Taxable Costs.

Defendants inappropriately ask the Clerk to tax as costs expert witness fees related to the deposition of John Johnson.  This Court has held that the *only* expert fees that are recoverable as taxable costs are the $40 per day witness fee set forth by statute.  *See Owner-Operator Indep. Drivers Ass'n, Inc.*, 2012 WL 6760098, at *19 (holding that the prevailing party could recover only $40 per witness per day for depositions as taxable

costs);[11] *Der v. Connolly*, No. 08-CV-6409, 2011 WL 31498, at *6 (D. Minn. Jan. 5, 2011) ("Under § 1920, an expert witness retained by a party is no different from an ordinary fact witness, and a party may recover as a 'cost' for a retained expert witness only the statutory witness fee of $40 per day prescribed in 28 U.S.C. § 1821(b)."); *Flint Hills Resources LP v. Lovegreen Turbine Services, Inc.*, Civ. No. 04-4699, 2008 WL 4527816, at *13 (D. Minn. Sept. 29, 2008) (holding that the only expert fees recoverable under § 1920 are the $40 per day witness fee); *Sphere Drake*, 66 F. Supp. 2d at 1090-91 (holding that taxable costs for experts are limited to the $40 per day witness fee). Consistent with this case law, the Court's Bill of Costs Guide provides that "[f]ees paid to any witness, including experts, beyond the daily attendance fee" are non-taxable. *See* Bill of Costs Guide at 6. Accordingly, Defendants are not entitled to claim the hourly fees paid to their expert for his participation at or preparation for the deposition. Therefore, Defendants' requests for $45,202.48 in expert fees should be denied.[12]

---

[11]   In that case, SuperValu took the same position as Plaintiffs here, that expert fees are not recoverable as taxable costs. *See* Def.'s Mem. of Law in Opp'n to Pls.' Mot. for Award of Att'y Fees and Expenses at 43, *Owner-Operator Indep. Drivers Ass'n, Inc. v. SuperValu, Inc.*, No. 05-cv-2809 (D. Minn. Jan. 16, 2012), ECF No. 356 (attached as Ex. A to Affidavit of W. Joseph Bruckner, filed herewith) ("Expert fees, for example, are not recoverable expenses.").

[12]   In support of their request for expert fees, Defendants cite to Fed. R. Civ. P. 26(b)(4)(E). But this rule is not part of the taxable costs of a case. Courts have consistently held that the taxable costs are limited to those set forth in § 1920. *See Little Rock Cardiology*, 591 F.3d at 601; *Owner-Operator Indep. Drivers Ass'n, Inc.*, 2012 WL 6760098, at *17-18; *Delgado*, 2009 WL 2366558, at *2. For expert depositions, this Court has held that the only taxable "cost" is the $40 witness fee, not the fees actually charged by the expert witness. *See Owner-Operator Indep Drivers Ass'n, Inc.*, 2012 WL 6760098, at *19 (denying request to tax expert deposition fees as costs beyond the $40 per day witness fee). To the extent Defendants wish to seek reimbursement of the fees for the deposition of their expert pursuant to Federal Rule 26(b)(4)(E), an application for

## IV.   CONCLUSION

The Court in its discretion should reject Defendants' Bills of Costs.  The orders against two Plaintiffs upon which the bills are based are on appeal, and meanwhile the case is ongoing against both Defendants by five of the seven Plaintiffs.  In any event, taxing significant and class-wide costs against only a very small fraction of the class members is contrary to the public policy goals of U.S. antitrust laws, which rely greatly on private class actions for their effective enforcement.  Finally, many of the costs Defendants seek are not taxable in any event.[13]

---

a bill of costs is not the appropriate avenue; Defendants would be required to file the appropriate motion before the District Court. *Cf. Der*, 2011 WL 31498, at *6 (noting that a party may not include expert witness fees that are potentially available under 42 U.S.C. § 1988(c) in a bill of costs submitted under Rule 54(d), but should instead pursue them through an appropriate motion under the relevant statute).

[13] Again assuming that *any* award is appropriate, C&S may be entitled to $22,230.82 and SuperValu may be entitled to $19,870.22 in properly taxable costs.  Plaintiffs calculated these costs based on the underlying numbers provided by Defendants' declaration and exhibits.  C&S potentially has properly taxable costs for: Pro Hac Vice Fees ($400); Deposition Transcripts ($12,860.65); Copying/Exemplification ($8,950.17); and Expert Witness Attendance ($20).   SuperValu potentially has properly taxable costs for: Deposition    Transcripts    ($17,294.45);    Hearing    Transcripts    ($1,477.00); Copying/Exemplification ($1,078.77); and Expert Witness Attendance ($20).

For these reasons, Plaintiffs respectfully request that the Court reject Defendants'
Bills of Costs.

Dated:  March 1, 2013                  Respectfully submitted,

                                     LOCKRIDGE GRINDAL NAUEN P.L.L.P.

                                     s/W. Joseph Bruckner

                                       W. Joseph Bruckner (#147758)
                                       Elizabeth R. Odette (#0340698)
                                     100 Washington Avenue South
                                       Suite 2200
                                       Minneapolis, MN 55401
                                       Tel:    (612) 339-6900
                                       Fax:    (612) 339-0981
                                       E-mail: wjbruckner@locklaw.com
                                                       erodette@locklaw.com

                                       ***Co-Lead and Liaison Counsel for Plaintiffs***

                                       Richard B. Drubel
                                       Kimberly H. Schultz
                                       BOIES, SCHILLER & FLEXNER LLP
                                       26 South Main Street
                                       Hanover, NH 03755
                                       Tel:    (603) 643-9090
                                       Fax:    (603) 643-9010
                                       E-mail: rdrubel@bsfllp.com
                                                        kschultz@bsfllp.com

                                       Daniel A. Kotchen
                                       Daniel L. Low
                                       KOTCHEN & LOW LLP
                                       2300 M Street, NW
                                       Suite 800
                                       Washington, D.C. 20037
                                       Tel:    (202) 416-1848
                                       Fax:    (202) 280-1128
                                       E-mail: dkotchen@kotchen.com
                                                       dlow@kotchen.com

Joel C. Meredith
MEREDITH & ASSOCIATES
1521 Locust Street, 8th Floor
Philadelphia, P A 19102
Tel:    (215) 564-5182
Fax:    (215) 569-0958
E-mail: jmeredith@mcgslaw.com

***Co-Lead Counsel for Plaintiffs***