UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re Wholesale Grocery Products
Antitrust Litigation

**ORDER**
Court File No. 09-MD-2090 ADM/AJB

This Order Relates to All Actions

---

W. Joseph Bruckner, Esq., and Elizabeth R. Odette, Esq., Lockridge Grindal Nauen PLLP, Minneapolis, MN; Richard B. Drubel, Esq., Kimberly H. Schultz, Esq., and Matthew J. Henken, Esq., Boies, Schiller & Flexner LLP, Hanover, NH; Daniel A. Kotchen, Esq., and Daniel L. Low, Esq., Kotchen & Low LLP, Washington, DC; and, Joel C. Meredith, Esq., Meredith & Associates, Philadelphia, PA on behalf of Plaintiffs.

Stephen P. Safranski, Esq., Martin R. Lueck, Esq., K. Craig Wildfang, Esq., Damien A. Riehl, Esq., and Heather McElroy, Esq., Robins, Kaplan, Miller & Ciresi, LLP, Minneapolis, MN, on behalf of Defendant SuperValu, Inc.

Charles A. Loughlin, Esq., Christopher J. MacAvoy, Esq., and David S. Shotlander, Esq., Baker Botts LLP, Washington, DC; and, Todd A. Wind, Esq., and Nicole M. Moen, Esq., Fredrikson & Byron, PA, Minneapolis, MN, on behalf of Defendant C&S Wholesale Grocers, Inc.

---

## I. INTRODUCTION

On September 19, 2013, the undersigned United States District Judge heard oral argument on Defendants' Motion to Stay Proceedings [Docket No. 460].[1] Plaintiffs oppose the motion. For the reasons stated below, Defendants' motion is granted.

## II. BACKGROUND

This multi-district litigation consolidated four antitrust lawsuits brought by retail grocers against two wholesale grocers, Defendants SuperValu, Inc. and C&S Wholesale Grocers, Inc.

---

[1] Subsequent to the hearing, the parties were directed to meet for further proceedings before Magistrate Judge Arthur J. Boylan. This matter was taken under advisement after that conference was held on October 30, 2013 [Docket No. 474], and Judge Boylan advised this court the motion should be ruled on.

See 2d Consolidated Am. Class Action Compl. [Docket No. 99] ¶¶ 1-3. Plaintiffs allege Defendants conspired to allocate customers and territory through a September 6, 2003 Asset Exchange Agreement ("AEA"), and that Defendants used the allocations to charge retailers in the Midwest and New England supra-competitive prices. Id. ¶¶ 34-44.

Several Plaintiffs, namely, Blue Goose Super Market, Inc., Millenium Operations, Inc., King Cole Foods, Inc., JFM Market, Inc., and MJF Market, Inc. (collectively, "Arbitration Plaintiffs") had arbitration agreements with one or the other Defendant. The Court dismissed their claims without prejudice based on those agreements. In re Wholesale Grocery Prods. Antitrust Litig., No. 09-md-2090, 2011 U.S. Dist. LEXIS 156751 (D. Minn. July 5, 2011). On February 13, 2013, the Eighth Circuit Court of Appeals reversed this Court's holding that non-signatory wholesalers can enforce retailers' arbitration agreements based on the doctrine of equitable estoppel. King Cole Foods, Inc. v. SuperValu, Inc. (In re Wholesale Grocery Prods. Antitrust Litig.), No. 11-3768, 2013 U.S. App. LEXIS 2949 (8th Cir. Feb. 13, 2013). The Eighth Circuit Court of Appeals remanded Arbitration Plaintiffs' case to this Court for further proceedings on the enforceability of the arbitration agreement and the successor-in-interest theory.

After the dismissal of the Arbitration Plaintiffs, but before the Eighth Circuit's ruling, the Court granted summary judgment for the Defendants on all claims of the remaining Plaintiffs, D&G, Inc. ("D&G") and DeLuca's Market Corp. ("Summary Judgment Plaintiffs"). In re Wholesale Grocery Prods. Antitrust Litig., No. 09-md-2090, 2013 U.S. Dist. LEXIS 4584 (D. Minn. Jan. 11, 2013). Plaintiff D&G has appealed the Court's grant of summary judgment and denial of class certification.

### III.  DISCUSSION

The Court has broad discretion to manage "the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936); see Lunde v. Helms, 898 F.2d 1343, 1345 (8th Cir. 1990), cert. denied, 498 U.S. 897 (1990).  Because a stay of proceedings has the potential to damage the party opposing it, the decision to stay should weigh the "competing interests and maintain an even balance," recognizing that the Supreme Court has counseled moderation in use.  Landis, 299 U.S. at 255.

The equities favor staying this case pending D&G's appeal.  First, Arbitration Plaintiffs and D&G began this case together.  They brought the same antitrust claims with respect to the same AEA and noncompetition provisions.  D&G has appealed the Court's determination that the rule of reason, rather than the per se rule, is the appropriate antitrust analysis to be applied to the AEA and noncompetition provisions in this case.  The Eighth Circuit decision on appropriate antitrust analysis will affect how this Court approaches the analysis of the Arbitration Plaintiffs' identical claims.

Second, although Arbitration Plaintiffs were dismissed before they had an opportunity to make arguments about class certification in the continued case, they have not described how their class certification motion would differ from D&G's.  It is likely the arguments for class certification would be nearly identical; therefore, whatever ruling the Eighth Circuit makes on D&G's motion for class certification, Arbitration Plaintiffs are likely to face similar treatment.

Arbitration Plaintiffs argue their claims have already been delayed more than two years while they appealed their dismissal.  Further delay, the Arbitration Plaintiffs argue, will be a delay of justice.  But the reality is the noncompetition agreement here completely expired in

2008, and the Arbitration Plaintiffs do not allege any ongoing or irreparable harm. In addition, if D&G prevails on any aspect of its appeals, the Plaintiffs' causes should be joined again and proceed together, as counsel for the Arbitration Plaintiffs and D&G are the same. If D&G does not succeed on appeal, then the Court would use the Eighth Circuit's direction in issuing timely decisions with regard to Arbitration Plaintiffs' claims.

Considering that on November 21, 2013, the Eighth Circuit heard oral argument and took D&G's appeals under advisement, further delay is likely to be relatively brief and any potential prejudice will be minimal.

### IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Stay Proceedings [Docket No. 460] is **GRANTED** pending the conclusion of appeals of <u>D&G, Inc. v. SuperValu, Inc., et al.</u> (<u>In re Wholesale Grocery Prods. Antitrust Litig.</u>), No. 09-md-2090, 2013 U.S. Dist. LEXIS 4584 (D. Minn. Jan. 11, 2013) (filed in the 8th Cir. under No. 13-1297).

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 13, 2013.